## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |
|---|---|
| MARQUIS ANTWAN MACK, | * |
| Petitioner, | * |
|  | * |
| v. | **Criminal Case No.: PWG-14-458** |
|  | **Civil Case No.: PWG-16-45** |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Petitioner Marquis Mack pled guilty to using interstate commerce facilitates in commission of a murder for hire, a violation of 18 U.S.C. § 1958.  Plea Agreement, ECF No. 38.[1]  During the pendency of the case, the Court set a deadline for the parties to respond to pretrial motions, ECF No. 34, which it extended, ECF No. 35.  The parties entered the plea agreement prior to the response deadline.  Accordingly, the Government never filed its responses to the pretrial motions.  Now pending is Mack's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 62.  Mack argues that the Government violated his Fifth, Sixth, and Fourteenth Amendment rights when it failed to respond to his pre-trial motions and that his counsel was ineffective for failing to object to the Government's non-response.  Pet'r's Mem. 4–5, ECF No. 62-2.  The Government has filed an Opposition.  Resp't's Opp'n, ECF No. 68.[2]  Although "a pro se movant is entitled to have his

---

[1] The ECF numbers cited herein refer to the documents filed in Mack's criminal case.

[2] When Mack neglected to file a timely reply, I ordered him to do so by September 21, 2016, ECF No. 71, but he has failed to respond to this Order.  Accordingly, Mack has waived his right to file a reply in further support of his Motion.

arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown v. United States*, Civil No. DKC-10-2569 & Criminal No. DKC 08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978); 28 U.S.C. § 2255(b)). As explained herein, the Government has conclusively shown that Mack is not entitled to relief. Thus, no hearing is necessary.

### Standard of Review

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." The prisoner must prove his case by a preponderance of the evidence. *Brown*, 2013 WL 4562276, at *5. If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### Discussion

On September 29, 2014, Mack was charged with use of interstate commerce facilities in the commission of murder for hire. ECF No. 13. At his initial appearance several days later, he pled "not guilty." ECF No. 18. A week later, Mack's court-appointed attorney, John Chamble, filed two Motions to Suppress, ECF Nos. 21, 22, and a Motion to Dismiss the Indictment, ECF No. 23. I ordered the Government to respond to the three motions by June 29, 2015. ECF No. 31. On June 18, 2015, the Government moved for an extension to its response deadline. ECF No. 34. I granted the motion, setting a new deadline for July 17, 2015. June 6, 2015 Order, ECF No. 35.

On July 7, 2015, Mack and the Government agreed plea agreement terms.  ECF No. 38. At a Rearraignment held the same day, I afforded Mack the opportunity to ask questions about the process.  Rearraignment Tr. 4:1–2, Resp't's Opp'n Ex. A., ECF No. 68-1.  Mack indicated that he had not had sufficient time to consider the plea deal and objected that the Government had not responded to the pretrial motions filed by his lawyer.  *Id.* at 4:6–5:18.  I indicated that the Rearraignment could be rescheduled but that it was up to the Government whether it would keep the plea deal open.  *Id.* at 5:22–6:4.  The Government informed the Court that the plea offer had a deadline of 5:00 P.M. the same day.  *Id.* at 8:4.  The Government also indicated that it would oppose Mack's pretrial motions before the July 18 deadline if he did not accept the plea agreement and summarized the bases for its opposition.  *Id.* at 8:14–11:5.  I then explained to Mack that the Government's deadline for responding to his motions had not yet passed and that I would not rule on those motions until a pretrial hearing scheduled for August 17, 2015.  *Id.* at 11:11–22.  To give Mack additional time to discuss the pending matters with his attorney, I recessed the hearing.  *Id.* at 11:23–25, 12:13–14.  After a roughly one-hour recess, Mack accepted the deal and pled guilty.  *Id.* at 13:22, 36:10–14.

Six days later, Mack filed a request to withdraw his guilty plea, alleging that his "attorney forced [Mack] through [the attorney's] lack of confidence and manipulation into signing the plea."  July 8, 2015 Ltr., ECF No. 42.  On October 6, 2015, I held a telephone conference call to discuss Mack's request and ordered Mack to file a motion to withdraw his guilty plea on or before October 30, 2015.  ECF No. 55.  Mack never filed the motion, and his attorney informed the Court that Mack no longer wished to withdraw his plea.  On December 15, 2015, I sentenced Mack to 60 months in prison, half the term of incarceration that the Sentencing Guidelines

recommend.   Sentencing Tr. 9:6–7, Resp't's Opp'n Ex. B., ECF No. 68-2.   Mack filed the pending Motion on January 4, 2016.   ECF No. 62.

The government did not commit prosecutorial misconduct by declining to respond to Mack's pretrial motions.   "The test for reversible prosecutorial misconduct has two components: (1) the prosecutor's conduct must in fact be improper, and (2) such conduct must have prejudicially affected defendant's substantive rights so as to deprive the defendant of a fair trial." *United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994). Mack entered his guilty plea on July 7, 2015, one week before the Government's deadline to respond to the pretrial motions. *See* Rearraignment Tr. 36:10–14; June 6, 2015 Order.   Mack's guilty plea rendered his pretrial motions moot, obviating the need for the Government to respond to them. I explained this to Mack at the Sentencing Hearing. Sentencing Tr. 21:18–22 ("[W]hen counsel notified [the Court] that there was going to be a plea, then any obligation on the part of the government to respond to the pending motions that had been filed was eliminated and the plea was taken and accepted."). Accordingly, the Government committed no misconduct when it did not respond to the Mack's pretrial motions.   Since the Government committed no misconduct, Mack's attorneys did not render ineffective assistance by failing to object. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.").

## Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown*, 2013 WL 4562276, at *10.   This certificate "is a

'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because Mack has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability; however, this ruling does not preclude Mack from seeking a certificate of appealability from the Fourth Circuit.  *See* Loc. R. 22(b)(1) (4th Cir.).

## ORDER

Petitioner's Motion to Vacate, Set Aside or Correct Sentence, ECF No. 62, IS DENIED. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-14-458 and Civil Action No. PWG-16-45, to MAIL a copy of it to Petitioner, and to CLOSE Civil Action No. PWG-16-45.

Dated: 02 27 2017

_____
Paul W. Grimm
United States District Judge

jlb